UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD EL,

        Plaintiff,

v.

SAGINAW CORRECTIONAL FACILITY, et al,

        Defendants.
_____/

Civil Number: 1:17-cv-11117
Honorable Thomas L. Ludington

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Michigan state prisoner Reginald El has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On October 16, 2017, the Court issued an Order denying Plaintiff's application for leave to proceed without prepayment of the filing fee and dismissing the complaint. ECF No. 11. The Court summarily dismissed the complaint because Plaintiff is barred from proceeding *in forma pauperis* pursuant to the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Presently before the Court is Plaintiff's "Affidavit Accompanying Motion to Inform on Appeal" ECF No. 15. The Court construes this filing as a motion for reconsideration and denies the motion.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004), citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). "A motion for reconsideration is not a vehicle to rehash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier." *Rajapakse v. Credit Acceptance Corp.,* No. 16-cv-13144, 2017 WL 4467513, *1 (E.D. Mich. Oct. 6, 2017) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Plaintiff does not challenge the Court's determination that he has three prior strikes under the PLRA's "three strikes" provision. Instead, Plaintiff claims that he did not seek leave to proceed *in forma pauperis*. Plaintiff advances this argument despite the fact that he filed the papers required from prisoners seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915: a certificate of prisoner account activity, an affidavit regarding suspension of prisoner fees and a certified copy of his prison trust fund account statement. *See* ECF No. 6, Pg. ID 46-61. Plaintiff maintains that, rather than seeking leave to proceed *in forma pauperis*, he sought the procurement of funds from other sources. He claims he is owed payments from the Detroit Office of Social Security Administration and an income tax refund of over $10,000 from the Internal Revenue Service.

It is unclear whether Plaintiff seeks to have the Court order these agencies to remit these funds to him or whether he expects the Court to obtain these funds on his behalf. Either way, Plaintiff's request must be denied. Section 1915(b) authorizes the agency having custody of a prisoner to forward payments from the prisoner's account to the Court for payment of the filing fee. 28 U.S.C. § 1915(b). It does not provide for withdrawal of funds from any other account, nor would it be proper for the Court to adjudicate collateral matters not properly before the Court. *See*

*Schwartzmiller v. Rodriguez*, No. 3:17-cv-00538, 2017 WL 4227267, *2 (S.D. Cal. Sept. 22, 2017) (denying prisoner-plaintiff's request that the court garnish the filing fee from prisoner-plaintiff's social security account).

Plaintiff argues in the alternative that he should be permitted to proceed *in forma pauperis* despite his three strikes because he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). This allegation is conclusory and unsupported by any specific allegations. Thus, reconsideration is not warranted.

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 15, is **DENIED.**

Dated: December 8, 2017                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 8, 2017.

                        s/Kelly Winslow
                        KELLY WINSLOW, Case Manager